## JOHN HAILES *v.* THE STATE.

1. EVIDENCE — BILL OF SALE.— The contest in this case being whether or not the animal alleged to have been stolen corresponded with the description given in a bill of sale made by the defendant, and not over the description given in the bill of sale itself, upon which witnesses for both sides agreed, its production as primary evidence was not essential.  The bill itself was neither the best nor any evidence upon the issue involved.

2. PRACTICE — CONTINUANCE.— Witnesses for whose evidence a continuance was asked resided in a county other than that in which the prosecution was pending.  Process for them was secured by the defendant, and by him delivered to the sheriff of the forum, who promised to transmit the process to the sheriff of the county where the witnesses resided.  Non-service was the basis of the application for continuance.  *Held,* that diligence was not shown.

APPEAL from the District Court of Lampasas.  Tried below before the Hon. W. A. BLACKBURN.

The indictment charged the defendant and Thomas Johnson with the theft of one head of neat cattle.  Four years in the penitentiary was the punishment awarded.

The contest was purely over the identity of the animal, and involves no evidence necessary to an understanding of the questions decided in the opinion.

*Mathews & Walker,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   If there had been any dispute as to the contents of the bill of sale, then the bill of sale would have been the best evidence of the fact.   But there was no such dispute,— no controversy at all as to its contents. The State's witness and the defendant's both testified, and their testimony agreed as to the description given by defendant, in the bill of sale, of the age, color, sex, mark and brand of the animal alleged to have been stolen.   It was not the description of the animal as given

in the bill of sale which was controverted, but, the description in the bill being agreed upon by both sides, the question was whether or not the animal alleged to have been stolen fitted the description thus given. This was a fact which the bill of sale itself could in no manner have elucidated, and consequently it was neither the best or in fact any evidence calculated to determine that or any other issue in the case, under the circumstances.

So far as the contents of the bill of sale were concerned, they were not denied, and the defendant had the full benefit of them,—just as much so as if the bill of sale had been in evidence, and it is not perceived how he could have been injured by its non-production. The controversy was not between him and his vendee in the bill of sale, in which event there might have been some plausibility if not conclusive force in the objection that any matter relating to its contents could only be proven by itself; but the dispute as to ownership was between the defendant and a third party who was in no manner a party or privy to the bill of sale. In such case it could possibly cut no figure and settle no circumstance of the disputed fact. Defendant had sold the identical animal, no matter what description he had seen fit to give of it; was it his or the property of the owner alleged in the indictment? The witnesses for the State not only identified the animal by the flesh marks, but by the marks and brands of the alleged owner, which they say, though an attempt had been made to change them, were still plainly to be seen and recognized. Defendant controverted this position, and contended that the marks and brands were other and different ones. To hold the bill of sale sufficient to settle the matter would simply be to allow defendant's own declarations to serve in determining his rights, and that too when, if the evidence of Tilford Bean is to be believed, at the time it was made defendant purposely and intentionally falsified the facts and man-

ufactured the bill evidently with that intention. The court did not err in overruling defendant's objection to the testimony on the ground that the bill of sale was better evidence than oral testimony of the description of the animal.

With respect to defendant's applications for continuance, the applications show that neither of the witnesses mentioned were residents of Lampasas county, where the prosecution was pending. Instead of sending the attachments to the counties of the residence of the respective witnesses, defendant placed them in the hands of the sheriff of Lampasas, upon the promise of the latter that he would endeavor to have the process executed. To have brought himself within the diligence required by law, he should have sent the process to the proper officer of the proper county, — the county of residence of the witness. It was not sufficient to place them in the hands of an official who was not bound to execute them. And if defendant was willing to take the chances of such want of diligence, then he has no one to blame but himself. Considered in the light of the other facts, with reference to the motion for a new trial, the materiality of the testimony does not appear with the requisite certainty. All that the witnesses were supposed to be able to prove might be proven, and yet it would not controvert defendant's guilt with regard to the particular animal stolen, unless they had seen the animal after it was sold to Bean, and could then have testified that it was the animal sold by Boulden to defendant.

We see no error in the record, and the judgment is affirmed.

*Affirmed.*